# GERALD KLUGER v.
# DANIEL L. GALLETT AND OTHERS.

178 N. W. (2d) 900.

July 10, 1970—No. 41968.

*Bernard M. Harroun* and *Robert J. Munson,* for appellant.

*Meagher, Geer, Markham & Anderson, O. C. Adamson II,* and *Mary Jeanne Coyne,* for respondent Gallett.

*Hagglund & Johnson* and *Dean K. Johnson,* for respondents Thorndike Cafe and United States Fidelity and Guaranty Company.

Heard before Knutson, C. J., and Nelson, Sheran, Peterson, and James F. Murphy, JJ.

PETERSON, JUSTICE.

The sole issue of substance in this appeal is the interpretation and application of the Civil Damage Act. Minn. St. 340.95 provides:

"Every * * * person who is injured in person or property * * * by any intoxicated person * * * has a right of action, in his own name, against any person who, by illegally selling, bartering or giving intoxicating liquors, caused the intoxication of such person, for all damages, sustained * * *."

On the evening of July 28, 1967, defendant Daniel L. Gallett, then a 24-year-old college student, was a patron on the premises of defendant Thorndike Cafe, Inc., doing business as Buster's Bar, in downtown Minneapolis. Between 9 p. m. and 11 p. m. he consumed three or four bottles of beer while milling about in the large Friday-evening crowd of young adults. After 11 p. m., he joined some young women at a table and switched to drinking martinis, three or four of which he consumed before 1 a. m.

Gallett left Buster's Bar, alone, at 1 a. m., retrieved his car from the second floor of a nearby parking ramp and, after driving through the downtown area, drove in a southerly direction on La Salle Avenue, a one-way street. He had proceeded only a short distance before he struck and injured plaintiff, Gerald Kluger, who was attempting to cross the street. The driving lights on Gallett's automobile were lighted, and there was no evidence of excessive speed. Plaintiff was jay-walking across the street at a southwesterly angle in approximately the middle

of the block; and, after observing traffic some 600 feet to the north while standing at the curb, plaintiff walked 32 steps into the street without again looking for any traffic approaching from behind him.

Plaintiff brought a negligence action against defendant Gallett and a civil-damage action against defendant Buster's Bar. The issues were submitted to the jury upon special interrogatories, and the court adopted the findings adverse to plaintiff as against both defendants. Plaintiff appeals from the judgment for defendants and from the order of the district court denying his alternative motions for judgment n. o. v. or for a new trial.

■ No substantial issue is raised as to the negligence action against defendant Gallett. Gallett admitted his own causal negligence, but the jury found that plaintiff, too, was negligent and that his own negligence was a direct or concurring cause of the accident. Plaintiff contends that the trial court erred in submitting the issue of contributory negligence and in refusing to instruct as to superseding cause. We conclude that these contentions are without sufficient merit to require extended opinion. We affirm.

■ A substantial issue is raised as to the action against defendant Buster's Bar under the Civil Damage Act, although the basic issue as to the interpretation of Minn. St. 340.95 has been resolved by our decision in Mjos v. Village of Howard Lake, 287 Minn. 427, 178 N. W. (2d) 862. Plaintiff contends that the effect of the 1967 amendment to § 340.14, subd. 1, which deleted the proscription against selling intoxicating liquor to a person who is "obviously intoxicated," was intended to impose absolute liability upon the liquor dealer who sells intoxicating liquor to an intoxicated person.[1] The legislative intent, as this court de-

---

[1] The court submitted these interrogatories to the jury (with the jury's answers parenthetically noted): "Interrogatory No. 3 * * * Did any employee of Buster's Bar sell intoxicating liquor to Daniel L. Gallett during the four hours preceding the accident? (Yes.)

"Interrogatory No. 4. * * * At the time of any such sale, was Daniel

cided in Mjos, was not to impose absolute liability upon the dealer but, rather, significantly to increase his affirmative duty to inquire into or otherwise more actively observe his patron's possible intoxication at the time intoxicating liquor was sold.

We hold, accordingly, that the trial court properly submitted for jury determination the critical question of whether defendant Buster's Bar "either knew or should have known" that defendant Gallett was in an intoxicated condition at the time its employees served him the intoxicating liquors. We hold, in addition, that the evidence did not compel a finding that defendant Buster's Bar knew or should have known of defendant Gallett's intoxication.[2] The trial court, to be sure, did not instruct the jury as to the meaning of the challenged interrogatory[3] as now articulated in our Mjos opinion. Whether or not a trial court in its judgment elects to amplify such interrogatory, plaintiff is not foreclosed from detailed argument to the jury.[4]

---

L. Gallett in an intoxicated condition? (Yes.)

"Interrogatory No. 5. * * * Was the condition of Daniel L. Gallett then such that an employee or employees of Buster's Bar either knew or should have known he was intoxicated? (No.)"

Plaintiff's contention is that Interrogatory No. 5 should not have been submitted to the jury and that plaintiff was entitled to judgment on the basis of the jury's affirmative answer to Interrogatories Nos. 3 and 4.

[2] Plaintiff has additionally contended that "the uncontradicted evidence was that the defendant, Gallett, was obviously intoxicated." Gallett did testify that he was "loaded," but to the extent his condition was a subjective state it was not necessarily objectively observable. Even as an admission it was not binding upon defendant Buster's Bar, and, to the extent that it would have the self-serving effect of shifting any of Gallett's liability to defendant Buster's Bar, it was not, standing alone, a strong declaration against interest.

[3] The trial court told the jury, "I believe that question, upon its own English and of its own meaning, will have no need of further amplification by me one way or another."

[4] Competent counsel for all three parties argued the issue extensively, including such relevant elements as the quantities of liquor consumed by defendant Gallett; his physical condition and the jury's common

The posture of the case at bar is distinguishable from that in Mjos. There we affirmed the trial court's order granting a new trial; here we affirm the order of the trial court denying a new trial, as well as affirming the judgment for defendants. There the parties and the court were unaware of the amendment to Minn. St. 340.14, subd. 1, with the result that instructions of the court and the interrogatories submitted to the jury referred to the defendant liquor dealers' civil-damage liability only if the consumer was at the time of sale "obviously" intoxicated; here, in marked contrast, the trial court and the parties were acutely aware of the then-recent statutory amendment and deliberately refrained from any reference to that freighted adverb. There the trial court considered that a fundamental error of law prejudicially effected the result; here there was no prejudicial error and the matter comes to us with the considered approval of the able trial judge.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

knowledge as to the differing effects of intoxicants upon different persons; his own declarations of intoxication; his objectively manifested behavior while at Buster's Bar; and the subsequent observations of a police officer at the scene of the accident. Interrogation of the night manager of defendant Buster's Bar was rather illuminating as to the nature of its business and the extent to which its employees undertake to observe the quantities of liquor sold to a patron or otherwise to scrutinize his sobriety, but whether or not its practice—particularly on the night of service to defendant Gallett—was adequate to preclude the indiscriminate sale of liquor to intoxicated persons was not particularly argued to the jury.